Am I ready? Yes, Your Honors. I'm Attorney Alan Johns. I'm the private attorney for Mr. Lloyd Deere. This is another ADPA one-year statute of limitations case. Mr. Deere's counsel failed to file it within the one-year time period. And I'm sure that this court, in your honors, at least based on my reading of opinions coming out all over the country, has probably heard every conceivable reason and excuse and why things should be told. I'll hit those very briefly. Basically, we're looking at the SLUP Actual Innocence Gateway and equitable tolling. And there is a prior federal writ involved that was dismissed, which may also entitle him to relief by holding it under abeyance to that period of time. In any event, I think that it's impossible really to address this situation, or most situations, without looking a little bit at the underlying facts of the case. I think Judge Thomas was asking about the SLUP Gateway and actual innocence and what kind of new evidence has to be presented and things of this nature. And I think it's perfectly legitimate to look at actually what the constitutional violations are and say this man was wrongfully convicted. If you look at the constitutional violations, what evidence would be or should have been presented before a jury, this man is really innocent. And that's the case that we have with Mr. Deere. Twenty-one years ago, he was solicited by a prostitute. She got in the car. They had a quarrel over whether or not she had some kind of venereal disease. They fought. She got out and reported it to her police friends. She said, I don't want to bother with any sexual assault charges. It's too much bother to go to the hospital and get any rape kit testing. But incidentally, he did steal lots of jewelry from me. And so the police followed up very diligently on the jewelry theft. They pretty well forgot about any sexual assault charges. They arrested him after a few hours. They had his car impounded. And the prostitute was giving a story that there were multiple sexual encounters. He even performed a douche on her. There would be all sorts of physical evidence there. They impounded nothing of that nature from the car. They took no clothing from the prostitute, even though she talked about knives and guns and all this type of stuff. Absolutely no forensic evidence whatsoever was preserved by the police. And at that time, the Latin Ambatis Supreme Court had just recently thrown out a sexual assault charge with an opinion, and that's on the Havis case that I've cited, where the police failed to preserve the undergarments of the alleged victim. And said that was a due process, a violation, and cited the Bryant case, I guess, out of the Second Circuit, where they said this man, or implied at least, this man has to go free because you can't have a new trial. They didn't get the evidence in the first place, or the evidence is gone. It's not a question of bringing it back and admitting it. Lost evidence has been subsequently found. So anyway, I can't imagine anybody thinking that this scenario is not fair. And I won't go into it any further except to say that he was wrongfully convicted on that evidence. The other big issue is incompetence of counsel. Maybe his attorney thought that it was such a clear case that he could get acquitted on that he didn't bother filing any pretrial motions, didn't bother attacking the question of no evidence being preserved until the time of trial. But this was a very skillfully prosecuted case. The prosecutor did an excellent job. They dredged up another prostitute who the judge allowed to testify about a similar incident. He excused, exercised every peremptory challenge to get rid of male jurors, and therefore had a gender-biased female jury. He accused him of being Jack the Ripper in his closing argument. And this man never did have a prior felony conviction, but there was absolutely no evidence of this nature. The Jack the Ripper thing was never raised. In any event, I think that that's one unusual factor of the case. The ineffective assistance of counsel... Before we use all of your time, are you going to address the issue of timeliness of the filing of the notice of appeal? Timeliness of filing of the appeal, in addition to the long history that has befallen Mr. Deere through the numerous counsel that have represented him, one of my greatest fears when I got involved in this case was that something along the same lines may happen again. I don't purport to be a great expert in federal post-conviction proceedings, and I'm beginning to wonder whether even trying is worth the effort. But I do know that meeting deadlines is the reason that Mr. Deere is there today. He had his first state habeas petition counsel, an attorney I know, a very good constitutional attorney. Perhaps you could address this more specific question. Was this notice of appeal timely, and if so, why? Why was it timely? The first order by the court, no notice was given to me. This would be the one that would trigger the initial notice. Judge Hicks entered an order prior to my... I found out about it about a month or almost two months later when I went down to file supplemental authorities, which I was somewhat criticized for, but the matter was pending for such a long period of time that there were very good cases coming out. I found out about the order and immediately filed an affidavit that I had never received notice of it. And I assumed at that time that the notice had been mis-mailed to one of my prior addresses because that had frequently happened, particularly in the federal system down there. Ever since they went on computers, it's been almost impossible to get properly notified. Let me just ask you, you got a 14-day extension. Right, okay. Did you file timely within the 14-day period? The notice of appeal was filed on the 26th, the day after Christmas. The judge's order was dated the 10th. I received the order... I think it was dated the 9th. Isn't that kind of an important point? Well, anyway, it looks to me like you had to file your notice of appeal by Christmas Eve for it to be timely. I think the issue of it being mis-mailed, and I have the envelope, it was mailed to the 6th Street address, the same as all of my other mailings went to the 6th Street address. So that could be an issue, but we didn't go back into court. Now, the federal courthouse was closed on the 24th, I remember that. And as a matter of fact, even though I didn't receive the order that gave me the 14 days until the 13th day, I would have filed it on Christmas Eve if the courthouse had been open. I think they took the afternoon at least off. There was no one there except a couple security guards. So when I say that it was timely filed, first of all, I think it looks like I'm out of time. Could I... well... All right. We'll give you a minute to respond, but you have exhausted your time. Oh, yeah. So I think it was timely filed because the courthouse was closed. Closed. I understand your position. We'll hear from the other side. Thank you. We'll give you a minute to respond if you wish to use it. Good morning, Your Honor. I'm Vic Schulze from the Attorney General's Office in the State of Nevada, representing Brian Sandoval, the Attorney General of the State of Nevada. Upon receiving your order, I looked at the procedure, the special order you sent out a week ago. I looked at your procedure on the notice of appeal issue, and I may be the cause for the special order because I didn't pick up on the problem of that notice of appeal, and perhaps I'm the one who should have. I didn't look at the overlap between Rule 60 and Appellate Rule 4. Counsel filed his Rule 4, Federal Appellate Procedure Rule 4 motion to extend in July, and Judge Hicks granted that. He signed it. It was filed on the 9th. It was entered and served on the 10th. That would give counsel until the 24th of December to file the notice of appeal. The irony is that second order I conceived was sent to the wrong address. Apparently the clerk in Las Vegas was sending everything to counsel to the wrong address. So he says he gets it on the 23rd, right? Said he got it on the 23rd. And what is your position on whether the courthouse was closed on the 24th or not? I don't have an opinion on that because I don't – I do not have a memory that they were closed on the 24th. I can't respond to counsel's argument that they weren't because that issue is not of record. If he received it on the 23rd, I don't know why he wouldn't have either filed his notice on the 23rd or on the 24th. But either way, I think filing it on the 26th makes it late. He had a remedy, however. What he attempted to do was he attempted to toll that time period he claimed in his opening brief by filing a combined Rule 52, 59, and 60 motion to – motions for reconsideration, motions for new findings of fact, challenging the judgment. The difficulty is none of those documents could have tolled that time period because those documents all have to be filed either under their own terms or under Rule 4 within 10 days of the underlying order that they're challenging. Right. Now, if we assume – if we just presume that there's some kind of extraordinary court-made rule dealing with extraordinary circumstances so that you could somehow toll that out, let's say that should have been tolled until he had actual notice of the original judgment. Well, we know that he had notice of that original judgment in July of 2002 because that's when he filed the Rule 4A motion. He didn't file the 52, 59, and 60 motion until December 26th. So even if we assume the existence of some kind of extraordinary rule that counsel indicates he believes existed in his brief under one of the Calderon v. U.S. District Court cases, he didn't file anything within 10 days. December 26th is not within 10 days of anything that happened at any time. There's other cases under Rule 4A-6 that the district court can't extend at that point. That's my understanding. But I guess then it comes down to one simple factual question. Was the courthouse open on the 24th? It's not a federal holiday, but on the other hand, I did run into a case a year ago or a couple years ago, the same situation. We found the Los Angeles court out wasn't in fact closed. So how do we resolve it? There's nothing in the record. There's nothing in the record. My assumption is because it's not a legal holiday was that the court was open. And I think because counsel has not presented this court with facts that would rebut that assumption because that's not a legal holiday, certainly if the 10th was a judicial day, and we know it was because the order was filed on the 10th, certainly the courthouse should have been open on the 24th because that would have been the same day of the week. Legal presumption would be that that courthouse would be open because it's not a judicial holiday. Counsel hasn't come forward with any factual showing either before the district court or this court in any of his pleadings to rebut what has to be a legal presumption that a federal courthouse is open on a day when the statute requires it to be open. He's never rebutted that presumption. And so I think I'm safe in presuming, as this court would be, in the absence of that showing that the courthouse had to be open. Out of curiosity, what day of the week was the 24th? I don't know, Your Honor. It was a Tuesday. Tuesday. Okay. Because there was no tolling under Rule 52, 59, and 60, and because the timeline had passed, I think this court is correct that the notice of appeal is late and there's no jurisdiction. I would point out one other thing just for the sake of fairness, and that is that I think counsel had a remedy. And even if not only the first order but the second order was sent to the wrong address, what counsel should have done was simply file a second Rule 4 motion. I didn't oppose the first one because, obviously, I think it's fair that he gets the notice. I would point out that in Rule 4, Rule 4 applies to judgments and orders. And because it applies to judgments and orders, I'm assuming that Rule 4 would have applied. I'm assuming that he could have filed a second Rule 4 motion. I would not have objected to that, and that would have extended him out. But the difficulty is counsel hasn't. Why do you think it would have extended it out? Sorry? Why do you think it would have extended it out? I think if he never got ñ had he never received Judge Hicks's order under an order extending time and he didn't know about it and he could not have complied with it, I think analogous to what he did the first time, what counsel did the first time. Right, but the text of Rule 4 doesn't address the extension. It just addresses the note of the issuance of the original order, right? I guess it talks generically about orders. What counsel could have done, counsel had an option the first time to extend time, and he took advantage of that because he didn't receive the order. Had he not received that second order, I would presume that that same remedy would have been available had he not received the order. Now, we know he did receive the order. He didn't get the full 14 days. He only got two days to deal with that issue. But he had that same remedy that he could have applied the second time, and he did not do that. What he attempted to do was use a remedy to toll that does not work under those three rules. If the Court very briefly would like me to address the reason we're here, and that's the timeliness issue separate from the issue on jurisdiction, I'd point out that about two-thirds of the opening brief does not deal with the issue of timeliness. It deals with an issue that I did not raise in my motion to dismiss, which was procedural default. The only issue here before the Court is one of timeliness. Counsel seems to argue that the primary issues before this Court and why tolling should exist are actual innocence and a couple different theories on tolling that statute. He hasn't shown any new evidence. He hasn't shown any evidence of actual innocence. He hasn't pled any evidence of actual innocence. What he basically says was my client is innocent because the Las Vegas Metropolitan Police did a pretty mediocre job in their investigation. Under SHLUP, under the specific factors that the U.S. Supreme Court dealt with in the SHLUP case, they said that kind of the you have to argue exculpatory new evidence, and there's no pleading even. There are no claims in the petition that actually go, no facts that are specifically pled that go to actual innocence. The claim is, well, the prostitute claimed that she had parentage. Her dad was in the Royal Canadian Mounted Police, and we found out 10 or 15 or 20 years later that that's not true. Why that could not have been discovered before the time of trial is never discussed, but the problem is as the only fact that's alleged dealing with actual innocence under SHLUP, that kind of evidence does not constitute actual innocence because SHLUP said you can't simply attack the credibility of the state's witnesses. You have to show actual evidence that you could not have come up with before that goes to your actual innocence, and there's not even anything pled in the petition that goes to actual innocence. None of the factors that might put off the initiation of the time period applied. There was no state impediment. There was no newly discovered evidence, and there was no retroactively applied U.S. Supreme Court decision upon which counsel bases his argument. The entire argument is simply based on the fact, number one, that he disagrees with the evidence that the state adduced. He disagrees with the testimony of the victim in this case, and they found out 15 years later that the prostitute may or may not have, her father may or may not have been a Royal Canadian Mounted Police officer. Why that would even be relevant in this case is beyond the respondents because it doesn't go to actual innocence. The bottom line here is, in addition to the jurisdictional problem that this court has, this petition was late, and there is no basis for equitable tolling, and there is no basis for an actual innocence claim, and so we believe that Judge Hicks made the right decision in dismissing the case as a violation of the ADPA one-year statute limitations. Thank you. Thank you. I appreciate counsel's acknowledging the gross mismailings down at the district court level, and I think we can carry it one step further because his reply to our motions to alter, amend, and to hold it in abeyance was also mismailed, and if you look at the appendix, you'll see that he had the hand. What does that possibly have to do with anything that's before us? Well, it only points out that by the time I got the reply or his answering brief, that's on our last motions, that Judge Hicks had already ruled on the motion without receiving our reply. In any event, I do my own writing. I was over at the federal courthouse, and it was closed. It's my understanding it was open for a while in the morning, and then they took the afternoon off. I don't know how we're going to resolve that issue, but I certainly am sure it can be easily verified. And just on a final note, there's one citation that I didn't, a news citation that I didn't have a chance to bring up, but Judge Clifton authored it, so that's the Spitzen. I just got it on the 30th. Spitzen, yeah, we have it. Case just argued is submitted for decision. Morning, Your Honors. My name is John White. I'm counsel for the appellant.
judges: Schroeder, Thomas, Clifton